IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY A. GIBSON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-263-S-EJL |
| ) | |
| vs. ) | MEMORANDUM DECISION & ORDER |
| ) | |
| ADA COUNTY, et al, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above-entitled matter are Defendants' motion to dismiss, Plaintiff's motion for summary judgment, and related motions. The motions have been fully briefed and are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

On July 5, 2005, Plaintiff Stacy A. Gibson filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 seeking compensatory, consequential, and punitive damages. (Dkt. No. 1). The complaint alleges Ms. Gibson was denied her right to procedural due process, equal protection, and right to judicial access by Defendants Ada County, Ada County Board of Commissioners, Ada County Sheriff's Office, and employees and/or agents of Ada County (collectively "Ada County"). Generally the claims relate to a dispute over Ms. Gibson's payroll receipts and ultimately her termination of employment as an Ada County Sheriff's Office Jail Technician. Ms. Gibson alleges Ada County denied her rights and entitlements to pursue due process, administrative review procedures, and access to the courts so as to prevent her from

challenging the allegations regarding her employment and termination. Ms. Gibson claims the Defendants' continual denial of her due process rights cumulated in the final decision by the Ada County Board of Commissioners denial of her request for administrative review on July 2, 2003. It is from this final decision that Ms. Gibson alleges her clause of action before this Court arises and when she knew or had reason to know of her injury. Ms. Gibson also acknowledges in her complaint that there are three cases pending on appeal before the Idaho Supreme Court involving similar parties but different claims. The Idaho Supreme Court, however, has recently resolved those appeals in favor of Defendants. Gibson v. Ada County, et al., ___ P.3d ___, 2006 WL 299061 (Idaho 2006).

## Standard of Law

1)      12(b)(1):

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. Id. On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." Id. When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Thornhill, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

claims ." Thornhill, 594 F.2d at 733 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine, 704 F.2d at 1077 (citing Thornhill, 594 F.2d at 733-35). This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

2)   12(b)(6):

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995). A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

**Analysis**

Defendants' motion to dismiss asserts the complaint should be dismissed in its entirety based on the Rooker-Feldman Doctrine, issue/claim preclusion, and the statute of limitations. In addition Defendants seek costs and attorney fees. Ms. Gibson opposes the motion arguing her claim before this Court is timely filed and distinct from the issues raised before the state court.

1)   Issue/Claim Preclusion:

Defendants argue the claims raised in the complaint are precluded by *res judicata* and/or collateral estoppel because they have already been litigated in state court. Ms. Gibson maintains the state court matters are not the same "substance or subject matter of her claimed injury in this Federal suit, as those actions preceded the accrual of this Federal subject matter constitutional violation raised in this suit." (Dkt. No. 8, p. 2). In particular, Ms. Gibson notes the state court matters involve events preceding the July 2, 2003 denial by the Ada County Board of Commissioners of her request for administrative review; from which Ms. Gibson argues her federal claims arise. This denial, she claims, resulted in "a new civil rights violation, creating a new cause of action" and is the final overt act of continuing misconduct resulting in damages for which she now seeks relief. Thus, Ms. Gibson concludes that the cause of action alleged here has "never been raised as a cause of action and prayer for a damage claim" in any of the state court cases which concern earlier constitutional violations. (Dkt. No. 8, p. 7).[1] In reply, Defendants' point out that one of Ms. Gibson's state court cases was filed on July 30, 2003, after the July 2, 2003 denial which she claims gives rise to her federal cause of action now before this Court.

Section 1983 actions must afford full faith and credit to state judicial proceedings such that *res judicata* and other preclusion doctrines may operate to limit or exclude causes of action in federal court. See Strong v. Department of Correction, 2006 WL 47358 *2 (D. Idaho 2006) (citations omitted). "To determine whether a state judgment should have preclusive effect in a federal action, federal courts apply the state's rules governing preclusion." Id. (citation omitted). The Idaho Supreme Court has stated that "*Res judicata* is comprised of claim preclusion (true *res*

---

[1] Ms. Gibson also notes that the state court cases were not "final" judgments as the state Supreme Court had not yet issued a decision. Since the time of the filing of her response brief, however, the state Supreme Court has issued a decision in favor of Defendants in those cases.

*judicata*) and issue preclusion (collateral estoppel). Under principles of claim preclusion, a valid final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties upon the same claim." Lohman v. Flynn, 78 P.3d 379, 386 (Idaho 2003) (citations omitted); see also Coeur d'Alene Tribe v. Asarco Inc., 280 F.Supp.2d 1094, 1117-19 (D. Idaho 2003) ("Although the literal definition of the term *res judicata* is expansive enough to cover both preclusion of relitigation of the same cause of action and relitigation of the same issue, the modern tendency is to refer to the aspect of the doctrine that precludes relitigation of the same issue in a separate cause of action as collateral estoppel, and to refer to that aspect preventing relitigation of the same cause of action as *res judicata*.") (quotations and citations omitted)).

"*Res judicata* thus applies to protect litigants from the burden of litigating the same cause of action with the same party or its privity." Coeur d'Alene Tribe, 280 F.Supp.2d 1094, 1117-19 (D. Idaho 2003) (citing Hindmarsh v. Mock, 57 P.3d 803 (Idaho 2002)). *Res judicata* "bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made. Lohman, 78 P.3d at 386 (citing Hindmarsh, 57 P.3d at 805 (citations omitted)). For *Res judicata* to preclude litigation the following requirements must be met: (1) the same claim or cause of action arising out of the same facts must be involved in both suits; (2) there must be a final judgment on the merits in the prior action; and (3) the parties in the instant action must be the same as or in privity with the parties in the prior action in question. Coeur d'Alene Tribe, *supra* (citations omitted). "The purposes of these judicially created rules are to conserve judicial resources, protect litigants from multiple lawsuits, and foster certainty and reliance in legal relations." Id. (citation omitted).[2]

---

[2] The Idaho Supreme Court has recognized that the three fundamental purposes served by *res judicata* are:

> First, it "[preserves] the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims. The doctrine of claim preclusion bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause

As to collateral estoppel, the Idaho Supreme Court has delineate five factors that "must be considered in determining whether collateral estoppel will act as a bar":

> 1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; 2) the issue decided in the prior litigation was identical to the issue presented in the present action; 3) the issue sought to be precluded was actually decided in the prior litigation; 4) there was a final judgment on the merits in the prior litigation; and 5) the party against whom the issue is asserted was a party or in privity with a party to the prior litigation.

Lohman, 78 P.3d at 386 (citation omitted).

The complaint filed here presents the same claims, arguments and issues as those raised in the state court causes of action. This is evident from the pleadings and briefings filed in the state court matters cumulating with the Idaho Supreme Court's recent decision on those cases and the record in this case. In her briefing here, Ms. Gibson argues the state court matters are distinct in that they affect issues of employee rights, privileges, protections, and guarantees under FLSA but do not address due process and equal protection as to the July 2, 2003 denial by the Board of Commissioners. Further, Ms. Gibson claims that the state court matters do not seek a claim for damages nor cause of action for due process and equal protection violations occurring as a result of the July 2, 2003 denial. These distinctions are untenable. The Idaho Supreme Court's opinion acknowledged that Ms. Gibson's complaint does not specifically allege due process but stated "this does appear to be part of her argument on appeal. She maintains that the Board's refusal to grant review of the hearing officer's decision constitutes an ongoing deprivation of her due process rights." Gibson v. Ada County, et al., 2006 WL 299061*7. This is the very issue raised here. The fact that her argument has been raised and litigated, is particularly evident from Ms. Gibson's position here that while the July 2, 2003 event gives rise to her "new" claim, Ms. Gibson maintains that this "new" claim includes the conduct of all Defendants for all previous ongoing misconduct as it is all continual violations of her due process; thus incorporating the entirety of her claims previously raised. It is clear from the pleadings, briefing, and records and, in particular, the Idaho

---

of action which were actually made or which might have been made.

Lohman, 78 P.3d at 386.

Supreme Court's opinion, that the position pursued by Ms. Gibson here incorporates and is the same as that taken, argued, and fully litigated in the state court.

There has been final judgments on the merits as to the issues raised in each of those state cases. See Gibson v. Ada County, *et al*., ___ P.3d ___, 2006 WL 299061 (Idaho 2006). The question then becomes whether there was there privity between Ms. Gibson and the Defendants in this matter. "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." Coeur D'Alene Tribe v. Asarco Inc., 280 F.Supp.2d 1094, 5117-19 (D. Idaho 2003) (quotations and citations omitted) (also citing Stratosphere Litigation, 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); Shaw v. Hahn, 56 F.3d 1128, 1131-32 (9th Cir.1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may include those whose interests are represented by one with authority to do so."). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." Coeur d'Alene Tribe, *supra*. "[A] relationship of privity can be said to exist when there is an 'express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues.'" Id. (quoting In re Schimmels, 127 F.3d at 881 and citing Alpert's Newspaper Delivery Inc. v. N.Y. Times Co., 876 F.2d 266, 270 (2d Cir. 1989) ("The issue is one of substance rather than the names in the caption of the case; the inquiry is not limited to a traditional privity analysis.") (citations omitted).

Privity between the parties exists here. Ms. Gibson is a party to each of the suits filed in state court and in this matter. Likewise, Ada County and the Ada County Sheriff's Office were expressly named in the state cases and are named here. The Ada County Board of Commissioners, however, were not named in some the state cases but are named as Defendants in the suit before this Court. The inclusion of the Ada County Board of Commissioners does not leave the claim wanting for privity as there is a "sufficient commonality of interest" between the Defendants named in the

state court actions and those named in the complaint filed here.  Moreover, the Ada County Board of Commissioners was part of Ms. Gibsons' state court action seeking judicial review of the Board's decision denying her request for a hearing.  See (Dkt. No. 7, Ex. C) (Gibson v. Ada County, Fourth District Court Case No. CV OC 0305850D, filed July 30, 2002).  In that action the state court denied her petition for judicial review because, as a matter of law, "[t]here exists no statute or constitutional authority under Idaho law allowing a Board of County Commissioners to review the personnel decisions of other elected County officers."  Id.  This ruling was upheld by the Idaho Supreme Court.  See Gibson v. Ada County, ___ P.3d ___, 2006 WL 299061 *9 (Idaho 2006).

Because the claims and issues presented here were previously raised, argued, and finally decided on the merits in the prior state court actions between these same parties and/or those in privity, they are precluded and the motion to dismiss shall be granted.

2)   <u>Statute of Limitations</u>:

The statute giving rise to Ms. Gibson's cause of action, 42 U.S.C. §1983, does not contain its own statutes of limitations, "so courts borrow the most appropriate state statute of limitations." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004) (citation omitted).  Section 1983 actions, therefore, apply the statute of limitation applicable to personal injury claims.  Id. (citing Wilson v. Garcia, 471 U.S. 261, 268, 276-80 (1985)).  The parties do not dispute that the applicable statute of limitations here is promulgated in Idaho Code § 5-219(4) which provides a two year statute of limitation on personal injury claims.  See Henderson v. State, 715 P.2d 978, 981 (Idaho 1986).  The issue in this matter is whether the last overt act giving rise to the claim occurred on July 2, 2003, as Ms. Gibson argues, or whether it occurred outside the two year window as Defendants contend.

"In applying the statute of limitations to the case at bar...federal law determines the 'last act' for purposes of tolling a state's statute of limitations." Henderson, 715 P.2d 981 (citing Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977)).  "The generally accepted rule for ascertaining the 'last act' is provided in Cox v. Stanton, 529 F.2d 47, 50 (1975) [which states]: Federal law holds that the time of accrual [of a civil rights claim] is when plaintiff knows or has reason to know of the injury which is the basis of the action."  Id.

Defendants argue Ms. Gibson's § 1983 claim was known or should have been known no later than February 15, 2000 when the Ada County Personnel Hearing Officer affirmed the Ada County Sheriff's decision to terminate her employment. Ms. Gibson maintains that the last act for purposes of the statute of limitations on her claim here was the Ada County Board of Commissioners' denial of her request for review on July 2, 2003. The Idaho Supreme Court recently determined that Ms. Gibson's § 1983 claim filed in one of her state court actions began on February 15, 2000. Gibson v. Ada County et al., ___ P.3d ___, 2006 WL 299061 *8 (Idaho 2006). The § 1983 claim before the state court involved Ms. Gibson request for judicial review of Ada County's decision to terminate her employment. Before the Idaho Supreme Court, Ms. Gibson argued that the statute of limitations was tolled while she exhausted her administrative remedies and that the last act occurred on July 2, 2003 when the Board of Commissioners refused her request. Id. at *5.

Having reviewed the record, this Court concludes that Ms. Gibson either knew or should have known of the injury giving rise to her § 1983 cause of action on February 15, 2000. This is evidenced by the complaint itself. Though the complaint couches the claim as one arising from the July 2, 2003 action of the Board of Commissioners, as distinct from the state claim which involved events prior to that date, Ms. Gibson's arguments before the Idaho Supreme Court were the same as those she has raised here involving the July 2, 2003 Board of Commissioners Decision. Further, Ms. Gibson's knowledge of her claims prior to July 2, 2003 is evident in the multiple law suits pursued in state court asserting these same claims and allegations against many of the same parties well prior to the filing of this law suit. Further, the complaint asserts that the all of the prior alleged violations are also incorporated in the claim and a basis upon which Ms. Gibson seeks recovery. To adopt Ms. Gibson's argument would allow the complaining party to simply decide when the statute of limitations begins. Such reasoning goes against the purpose of having a statute of limitations and result in the statute of limitations being tolled indefinitely until the complaining party decides to file suit. Quite simply, repeated requests for review and repeated denials do not equate to tolling for purposes of the statute of limitations. Ms. Gibson's complaint in this matter is untimely and barred by the two year statute of limitations. Accordingly, the Defendants' motion to dismiss is granted.

    3)      <u>Costs and Attorney Fees</u>:

Defendants' motion also includes a request for costs and attorney fees pursuant to § 1988 arguing Plaintiff's complaint is "frivolous, unreasonable, or without foundation." (Dkt. No. 7, p. 13). Ms. Gibson argues her claims are genuine and meritorious again noting that the issues raised here are separate from those in the state court matters. In particular, Ms. Gibson notes that the Ada County Board of Commissioners are named as Defendants in this matter and were not named in the state court actions. Defendants' assert the complaint in this action is merely the continuation of the same dispute between the parties and is precluded and in violation of the statute of limitations.

While the prevailing party in a § 1983 suit may recover attorney fees pursuant 42 U.S.C. § 1988(b), a prevailing defendant in a § 1983 suit should be awarded attorney fees only when the action is "unreasonable, frivolous, merciless, or vexatious." <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994). An "award of fees under § 1988 to a prevailing defendant is unusual because the policy reasons behind the award of fees to a prevailing plaintiff are not present when a defendant prevails. A district court in its discretion, however, may award a defendant in a civil rights suit attorneys' fees under § 1988 when a 'plaintiff's action was frivolous, unreasonable, or without foundation.'" <u>Muzquiz v. W.A. Foote Memorial Hosp., Inc.</u>, 70 F.3d 422, 432 (6th Cir. 1995) (citation omitted). In deciding this issue, the Ninth Circuit has found the "authority addressing the award of attorney fees and costs to defendants under Title VII or 42 U.S.C. § 1988 to be instructive...[i]n setting out the 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith' standard" In <u>Christiansburg Garment Co.</u>, the Supreme Court provided the following caveat:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22. In this case, although the Court has granted the motion to dismiss, Plaintiff's claim appears to have been made with the genuine belief that it raised a new cause of action under § 1983 for due process violations. To that end Plaintiff brought her § 1983 claim to this Court in an effort to challenge the process which she argues she was entitled to and denied by Defendants. The Court, while not agreeing with Plaintiff's theory, does not conclude that the claim was frivolous or unreasonable.

4) <u>Other Motions</u>:

As the Court's ruling granting Defendants' motion to dismiss is dispositive of this matter, all other pending motions are deemed moot. (Dkt. No. 9, 17, 20, 29). As to Defendants' motions to strike, the Court also finds those motions to be moot. (Dkt. No. 13, 27).

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (Dkt. No. 7). The motion is granted as to the dismissal of all claims in the complaint against all Defendants. The motion is denied as to the request for attorney fees. The remaining motions (Dkt. Nos. 9, 13, 17, 20, 27, and 29) are **DEEMED MOOT**.

DATED: **February 28, 2006**

Honorable Edward J. Lodge
U. S. District Judge