IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY A. GIBSON,            ) | |
| ) | |
| Plaintiff,    ) | Case No. CV05-263-S-EJL |
| ) | |
| vs.            ) | MEMORANDUM ORDER |
| ) | |
| ADA COUNTY, et al,         ) | |
| ) | |
| Defendant.  ) | |

    Plaintiff Stacy A. Gibson ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 for violation of civil rights and deprivation of due process against Ada County, Ada County Board of Commissioners, Ada County Sheriff's Office, and John and Jane Does I thru X (collectively "Defendants"). Defendants motion to dismiss the complaint was granted by order dated February 28, 2006. Subsequently, Plaintiff filed several motions and related documents including a motion to alter or amend judgment, a motion for leave to amend pleadings, an amended complaint, and an amended motion for summary judgment. By order dated June 6, 2006 the Court denied Plaintiff's motions and awarded Defendants costs and attorney fees incurred in responding to post-judgment filings.

    On June 13, 2006, Defendants timely filed a petition for attorney's fees. Plaintiff has responded to the petition and Defendants have filed a reply. The matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

## FACTUAL BACKGROUND

Defendants have requested that this Court award attorney's fees in the amount of $3,318.00. This fee was computed at the rate of $105.00 per hour and represents the hours actually and necessarily spent as the result of Plaintiff's post-judgment filings.[1]

On July 3, 2006, subsequent to Defendant's petition for attorneys fees, Plaintiff filed a notice of appeal to the United States Court of Appeals.[2]

## STANDARD

Defendants request attorney's fees pursuant to 42 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(d)(2) and District of Idaho Local Rule 54.2. In a federal civil rights action or proceeding, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). However, the district court's discretion to award attorney's fees under § 1988 has been narrowly construed. Ackerley Communications, Inc. v. City of Salem, Or., 752 F.2d 1394, 1396 (9th Cir. 1985), cert denied, 472 U.S. 1028 (1985). The district court's discretion is circumscribed by various decisions of the Supreme Court. See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986); Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983). The district court should clearly and concisely explain the grounds for its decision. See Hensley, 461 U.S. at 437.

## DISCUSSION

Plaintiff objects to Defendants' petition for attorney's fees on essentially two fronts. First, Plaintiff claims the Court's order regarding the post-judgment filings and award of attorney's fees is factually unsupported and unjustified because Plaintiff had a right to file the pleadings pursuant to the prior Scheduling Order. Second, Plaintiff argues that the fees requested are unreasonable, and not substantially supported or justified.

---

[1] The affidavit of Ray J. Chacko (Dkt. #50) itemizes the tasks completed and the corresponding time spent on Plaintiff's post-judgment filings. The total time spent was 31.6 hours.

[2] The Court notes that Plaintiff's appeal to the circuit court does not affect this Court's jurisdiction to act upon Defendant's petition for attorney's fees. The Ninth Circuit has long held that even when a notice of appeal has been filed, "a district court in this circuit retains jurisdiction to rule upon a request for attorney fees." League of Women Voters of Cal. v. FCC, 751 F.2d 986, 990 (9th Cir. 1985).

ORDER - Page 2
07ORDERS\GIBSON_FEES.WPD

I.  *Post-Petition Filings.*

On September 30, 2005, the Court entered a standard scheduling order.  The purpose of the order was to set deadlines for such matters as amendments to pleadings, disclosure of experts, final discovery, pre-trial motions and briefs, and other like items.  In addition, the scheduling order tentatively set trial for this matter on January 23, 2007.  Plaintiff claims that by virtue of this order, she had the right to file her motions and amendments notwithstanding the dismissal of her case the day before.[3]  Plaintiff cites no legal authority in support of her position, and rightly so, because no legal authority exists.  If the Court were to follow Plaintiff's logic, the Court must conclude that the parties had the right to proceed to trial on January 23, 2007 as indicated in the scheduling order, notwithstanding the fact that the case had already been dismissed.  Such a conclusion is illogical and fails to provide a basis for Plaintiff's argument that the Defendants are not entitled to attorney's fees.

II.  *Reasonableness of Attorney's Fee.*

The Court finds the Plaintiff's argument that the requested fees are unreasonable and not substantially supported or justified to be without merit and contrary to controlling case law.  As previously noted, Congress has permitted an award of reasonable attorney's fees as part of costs in federal civil rights actions.  While § 1988 does not explicitly define what a reasonable attorney's fee is, the Supreme Court has adopted a "hybrid approach" to determine the same.  See Pennsylvania, 478 U.S. at 564; Hensley, 461 U.S. at 433.  This approach combines a multi-factor analysis with the lodestar calculation developed by the Third Circuit in Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973).[4]

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.  The resulting figure may then be adjusted on the basis of other considerations such as the experience, skill, and reputation of the attorney requesting fees.  See

---

[3] The scheduling order set March 1, 2006 as the final deadline for amendments to pleadings.  The case was dismissed in its entirety by order dated February 28, 2006.

[4] The lodestar is calculated by multiplying the hours spent by each attorney by a reasonable hourly rate. Pennsylvania, 478 U.S. at 563.

ORDER - Page 3
07ORDERS\GIBSON_FEES.WPD

Pennsylvania, 478 U.S. at 564; Trevino v. Gates, 99 F.3d 911, 924 (9th Cir. 1996). However, a strong presumption exists that the lodestar figure represents a "reasonable" fee. Pennsylvania, 478 U.S. at 564.

In this case, the affidavit of Mr. Chacko in support of the Defendant's petition for attorney's fees itemizes the tasks completed and the corresponding time spent in responding to the post-judgment filings. The total amount of time spent was 31.6 hours. Plaintiff did not object to the amount of time spent by Defendants. Given the Plaintiff's failure to object, and in light of the 1,700 + pages of Plaintiff's post-judgment filings, the Court finds the amount of time spent in this matter was reasonable. Thus, the Court turns its attention to the hourly rate.

Defendants have asked the court to award fees based on an hourly rate of $105.00. Plaintiff objects on the ground that the requested rate is excessive in light of the fact that Mr. Chacko is a government salaried employee and not privately retained counsel. Plaintiff claims that Defendants are not entitled to any more than reimbursement for the wages actually received, or roughly 20% of Mr. Chacko's monthly salary. To arrive at this figure, Plaintiff makes a simple calculation, taking the hours actually spent in this matter or 31.6 and dividing them by the estimated amount of time worked in a month of 160 hours.[5] Although this is a clever analysis, it is not the analysis adopted by the Supreme Court.

Plaintiff's argument that reference to private attorney rates is irrelevant in the calculation of attorney's fees where the litigation is handled by salaried government employees is incorrect. In reference to attorney's fees and the appropriate hourly rate, the Supreme Court declared that "[t]he statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum v. Stenson, 465 U.S. 886, 888 (1984). See also, State ex rel. Corbin v. Tocco, 845 P.2d 513, 517 (Ariz. Ct. App. 1992) (holding that "[t]his rule [using the prevailing market rate as the reasonably hourly rate], used particularly in civil rights cases, ... provides that prevailing market rates and not the actual costs of legal services are the

---

[5] Though not clearly articulated by Plaintiff, the Court assumes the 160-hour figure was arrived at based upon a 40-hour work week.

appropriate measure for an award of reasonable attorney's fees, even when the party being awarded the fees has been represented by salaried government or public non-profit counsel.").

The Defendants argue that the requested rate of $105.00 per hour is below the prevailing market rate in this community. Moreover, Defendants indicated that the Idaho Supreme Court recently allowed the Defendants to recover attorney's fees from the Plaintiff in similar cases using precisely the same hourly rate.[6] Therefore, in light of the foregoing, the Court finds the requested rate of $105.00 per hour to be a reasonable hourly rate and will use the same in calculating the proper amount of attorney's fees in this matter.

Accordingly, the Court finds the total fee amount of $3,318.00 is proper and reasonable.[7]

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant's Petition for Attorney's Fees (Dkt. #49) is **GRANTED** and Defendants are awarded $3,318.00 in fees.

DATED: **April 24, 2007**

_Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge

---

[6] See Exhibits A and B attached to Mr. Chacko's affidavit referencing Idaho Supreme Court docket numbers 29694, 30976, and 31553.

[7] Having considered the factors set forth in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), the Court concludes that the present case does not represent one of those instances where the lodestar figure should be adjusted on the basis of other considerations. Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).